## 66534. LOVE v. BALDWIN UNITED MORTGAGE COMPANY et al.

CARLEY, Judge.

On June 20, 1982, a "Notice of Sale of Personal Property at Public Auction" was run in a daily newspaper. This notice provided, in relevant part, that appellee-defendant, the Colwell Company, would "publicly offer for sale, and sell for cash in lawful money of the United States of America" a certain described mobile home. According to appellant-plaintiff's complaint, he attended the advertised auction and "made a bid in lawful money of the United States of America in the form and substance of Silver Dollars, in the amount of $5.00." However, the mobile home was sold to appellee-defendant Folds for the sum of $5.01. According to appellant's complaint, Folds' bid was "null and void" because it was based upon "irredeemable Federal Reserve notes . . . and was not paid in lawful money of the United States of America as advertised at time of auction and sale." Asserting that "he made the high bid in lawful money of the United States of America," appellant instituted the instant action seeking to recover damages from appellees.

Appellees subsequently made separate motions seeking to terminate the case as to them. Appellee Folds moved to dismiss and for judgment on the pleadings and he also made an alternative motion for summary judgment. Appellee Colwell Company moved to dismiss for failure to state a claim. Appellee Baldwin United

Mortgage Company moved for summary judgment. After conducting a hearing, the trial court entered orders granting appellees' respective motions. Appellant appeals.

The entire premise of appellant's claim is that only his bid of $5.00 in silver coins satisfied the stipulation in the advertisement stipulation that the mobile home would be sold "for cash in lawful money of the United States of America." This contention is premised upon the further assertion that appellee Folds' bid of $5.01 "in irredeemable Federal Reserve notes" did not satisfy this stipulation in the advertisement. The argument that the only "lawful money" of the United States consists of gold or silver coins and not Federal Reserve notes has been rejected by the federal courts. See generally Mathes v. Commissioner of Internal Revenue, 576 F2d 70 (5th Cir. 1978); United States v. Rickman, 638 F2d 182 (10th Cir. 1980). The trial court did not err in granting appellees' respective motions.

*Judgments affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 7, 1983.

James B. Love, *pro se.*
*Douglas N. Campbell, Elise M. Bloom,* for appellees.